In the

# United States Court of Appeals

### For the Seventh Circuit

No. 14-2506

UNITED STATES OF AMERICA,

*Plaintiff,*

*v.*

SANFORD-BROWN, LIMITED, *et al.,*

*Defendants-Appellees.*

APPEAL OF: BRENT M. NELSON

Appeal from the United States District Court for the
Eastern District of Wisconsin.
No. 12-cv-00775 — **J. P. Stadtmueller**, *Judge.*

ARGUED JANUARY 8, 2015 — DECIDED OCTOBER 24, 2016

Before BAUER, MANION, and ROVNER, *Circuit Judges.*

MANION, *Circuit Judge*. This matter is before us on remand from the United States Supreme Court for reconsideration in light of its recent decision in *Universal Health Services, Inc. v. United States*, 136 S. Ct. 1989 (2016). See *U.S. ex rel. Nelson v. Sanford-Brown, Ltd.*, 136 S. Ct. 2506 (2016). The only part of our previous opinion, *United States v. Sanford-Brown, Ltd.*, 788 F.3d

696 (7th Cir. 2015), that is affected by the holding in *Universal Health* is part IV(B)(2), which addressed the plaintiff-relator's false presentment claim under 31 U.S.C. § 3729(a)(1)(A) of the False Claims Act. We readdress that claim here in light of *Universal Health* and substitute the following discussion for part IV(B)(2) of our earlier opinion. The remainder of our previous opinion is reinstated, and we once again affirm the district court in all respects.

## I.

The plaintiff-relator's false presentment claim is based on a theory of "implied false certification." In *Universal Health*, the Court held that the implied false certification theory can be a basis for liability where two conditions are met: "first, the claim does not merely request payment, but also makes specific representations about the goods or services provided; and second, the defendant's failure to disclose noncompliance with material statutory, regulatory, or contractual requirements makes those representations misleading half-truths." *Universal Health Servs., Inc.*, 136 S. Ct. at 2001 (footnote omitted).

Neither condition is met here. Nelson (the plaintiff-relator) offered no evidence that defendant Sanford-Brown College (SBC) made any representations at all in connection with its claims for payment, much less false or misleading representations. Nelson's bare speculation that SBC made misleading representations is insufficient to survive summary judgment. See *Bass v. Joliet Pub. Sch. Dist. No. 86*, 746 F.3d 835, 841 (7th Cir. 2014) ("Speculation is no substitute for evidence at the summary judgment stage.").

SBC is also entitled to summary judgment because Nelson failed to establish the independent element of materiality. As the *Universal Health* Court explained, "a misrepresentation about compliance with a statutory, regulatory, or contractual requirement must be *material* to the Government's payment decision in order to be actionable under the False Claims Act." *Universal Health Servs., Inc.*, 136 S. Ct. at 2002 (emphasis added). The Act's materiality requirement is "rigorous" and "demanding." *Id.* at 2002–03 & n.6 at 2004. To establish materiality, it is not enough to show that "the Government would have the option to decline to pay if it knew of the defendant's noncompliance." *Id.* at 2003. Instead, "materiality looks to the effect on the *likely* or *actual* behavior of the recipient of the alleged misrepresentation." *Id.* at 2002 (emphasis added) (internal marks omitted).

Here, Nelson has offered no evidence that the government's decision to pay SBC would likely or actually have been different had it known of SBC's alleged noncompliance with Title IV regulations. On the contrary, as we previously noted, the subsidizing agency and other federal agencies in this case "have already examined SBC multiple times over and concluded that neither administrative penalties nor termination was warranted." *Sanford-Brown, Ltd.*, 788 F.3d at 712; see also *Universal Health Servs., Inc.*, 136 S. Ct. at 2003 ("[I]f the Government pays a particular claim in full despite its actual knowledge that certain requirements were violated, that is very strong evidence that those requirements are not material."). At bottom, even assuming Nelson's allegations are true, the most he has shown is that SBC's supposed noncompliance and misrepresentations would have entitled the government to decline payment. Under *Universal Health*, that is not enough. See *Universal Health Servs., Inc.*, 136 S. Ct. at 2004

(explicitly rejecting the view that "any statutory, regulatory, or contractual violation is material so long as the defendant knows that the Government would be entitled to refuse payment were it aware of the violation").

## II.

Having reconsidered our previous opinion in light of *Universal Health Services, Inc. v. United States*, 136 S. Ct. 1989 (2016), we once again affirm the district court in all respects. With the exception of part IV(B)(2), the vacated opinion of June 8, 2015, is reinstated.

AFFIRMED.